FITCH LAROCCA CARINGTON JONES, INC., Plaintiff-Appellant, *v.* BOARD OF REGENTS, SUCCESSOR TO BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES FOR ILLINOIS STATE UNIVERSITY *et al.*, Defendants-Appellees.

(No. 11502;

Fourth District—April 6, 1972.

*Rehearing denied April 26, 1972.*

Heyl, Royster, Voelker & Allen, of Peoria, and Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, both for appellant.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This action for an injunction was instituted to enjoin certain arbitration proceedings which had been demanded by the defendant, Board of Regents, as owner of a certain building. Plaintiff, a professional corporation of architects and planners, had entered into a standard form of contract with the defendant for professional services in connection with the construction of the building.

The circuit court granted the defendant's motion to strike the complaint and dismissed the cause of action. This appeal is from that order of the circuit court.

The record on appeal has been filed as well as a brief by the appellant. No abstract of record nor designation of excerpts nor excerpts of record have been filed. There is no appearance in this court by the appellee.

Essentially, this case presents the issue of whether the plaintiff must arbitrate with reference to a certain controversy under the contract or whether arbitration is to be enjoined leaving the parties as well as other prospective parties to their legal remedies.

The deficiencies in this appeal process appear to give this court the option of dismissing the appeal for want of an abstract, reversing for want of an appearance by the appellee, or deciding the issue on the merits based upon only that which is before us briefed on one side only. While only the timely filing of a notice of appeal is jurisdictional, the burden is upon the appellant to complete the appeal process by filing an abstract or excerpts. Such was not done nor appropriate motions filed to excuse compliance with the appropriate rule. We deem it appropriate, therefore, in this case that the appeal be dismissed.

Appeal dismissed.

TRAPP, P. J., and SMITH, J., concur.